Aurora **ARCHULETA**, Petitioner,

v.

**INTERNATIONAL INSURANCE COMPANY**, Respondent.

No. C–1619.

Supreme Court of Texas.

March 21, 1984.

Rehearing Denied April 25, 1984.

Scott, Hulse, Marshall, Feuille, Finger & Thurmond, L. Randall Lee, El Paso, for petitioner.

Malcolm McGregor and Philip T. Cole, El Paso, for respondent.

ON MOTION FOR REHEARING

CAMPBELL, Justice.

This Court's opinion of October 5, 1983, is withdrawn on motion for rehearing and the following opinion is substituted therefor.

This is a workers' compensation case. The issue is whether Aurora Archuleta's pleadings support the submission of special issues on partial incapacity. The trial court submitted the partial incapacity issues over the objection of International Insurance Company that the issues were not supported by the pleadings. Based on the jury's finding of partial, permanent incapacity, the court rendered judgment for Archuleta for $16,891.15. The court of appeals reversed the judgment of the trial court and remanded the cause in the interest of justice, holding the issues on partial incapacity were inferential rebuttal issues and were not supported by pleadings. We reverse the judgment of the court of appeals and affirm the judgment of the trial court. 641 S.W.2d 295 (Tex.App.1982).

Archuleta was working in an El Paso restaurant on August 10, 1977, when she slipped on a wet floor and fell on her right knee. The restaurant manager testified she complained of pain in her knee, but she continued to work regularly until November, 1977. At that time, she was admitted to a hospital where she was diagnosed as having a compression fracture of the twelfth dorsal vertebra.

Archuleta's trial pleadings alleged "Plaintiff is entitled to recover $77.00 per week for 401 weeks for her injury and disability as provided by the Workmen's Compensation Act." Archuleta prayed for "judgment against Defendant for her compensation ... and for general relief." International responded by pleading "in the event Plaintiff did sustain an injury on August 10, 1977, then Defendant alleges that said injury and resulting incapacity, if any, is not total and permanent as alleged by Plaintiff, but was and is partial and was and is temporary."

Archuleta requested special issues on total incapacity and on partial incapacity. International objected to the issues on partial incapacity on the basis that they were not supported by pleadings. The trial court overruled International's objections and submitted the issues on total incapacity and on partial incapacity. The jury found Archuleta had no total incapacity, but had suffered partial, permanent incapacity which reduced her earning capacity by 75 percent. The trial court rendered judgment for Archuleta based on the jury's findings of partial incapacity.

Our question is whether Archuleta's pleadings will support the submission of issues on partial incapacity. Archuleta pleaded for $77.00 per week for 401 weeks, and for general relief. The maximum amount then recoverable by a workers' compensation claimant for total incapacity was $77.00 per week for 401 weeks. The maximum period of time for which a plaintiff can recover for partial incapacity is 300 weeks. Tex.Rev.Civ.Stat.Ann. art. 8306 § 11. International contends a pleading for $77.00 per week for 401 weeks will support issues only on total incapacity because the period of time for which recovery is sought is longer than that authorized by the statute regarding partial incapacity. We disagree.

█ A pleading of total incapacity authorizes the submission of issues on partial incapacity. *Southern Underwriters v. Boswell*, 138 Tex. 255, 158 S.W.2d 280 (1942). In the recent case of *Burns v. Union Standard Insurance Co.*, 593 S.W.2d 309 (Tex.1980), the plaintiff prayed for judgment "for 401 weeks at $70.00 per week (the maximum allowable at that time for total incapacity), ... [and] such other and further relief, special and general, at law and in equity, to which she may show herself entitled, and for which she will in duty bound ever pray." The plaintiff objected to the submission of a disjunctive issue inquiring whether the injury to the plaintiff included her hip and back or whether it was confined to her left foot and leg below the knee. The plaintiff claimed

she had pleaded for total and permanent incapacity only and that submission of the question of whether the injury was confined to her foot and leg below the knee was not raised by her pleadings and was an inferential rebuttal issue. This Court held "the pleadings ... squarely raised the issue of whether the injury was a general injury or was confined to the left foot and leg below the knee." 593 S.W.2d at 311. This Court affirmed the judgment of the trial court awarding damages for partial incapacity. We likewise hold Archuleta's pleading for $77.00 per week for 401 weeks and for general relief was sufficient to raise the issues of total and partial incapacity.

█ Our opinion in *Select Ins. Co. v. Boucher*, 561 S.W.2d 474 (Tex.1978), is distinguishable. In *Boucher*, the claimant pleaded and sought recovery for total and permanent disability. Select, the carrier, pleaded and requested issues on partial incapacity. This Court held the defensive issue of partial incapacity is an inferential rebuttal issue and under Rule 277, Tex.R. Civ.P., Select was not entitled to its submission. Submission of disjunctive issues on total incapacity and partial incapacity are appropriate if two alternate theories of recovery are developed. The issues, as requested by Select, constituted a defense and did not develop an alternate ground of recovery. Select Ins. Co., this Court held, would have been entitled to a definition of partial incapacity if requested in substantially correct form. The definition, given with the issue on total incapacity, would have preserved the defense.

Here, Archuleta requested and the trial court properly allowed the issues of total and partial incapacity. The issues are alternate theories of recovery.

We now examine other points presented in the court of appeals to determine if they warrant an affirmance on a ground not considered by that court in making its disposition of the case. *Montfort v. Jeter*, 567 S.W.2d 498 (Tex.1978); *Pruitt v. Republic Bankers Life Insurance Company*, 491 S.W.2d 109, 112 (Tex.1973).

International first asserts that the trial court erred in rendering judgment for Archuleta since there is no finding that she gave timely notice of her injury within the thirty days required by law. Tex.Rev.Civ. Stat.Ann. art. 8307, section 4a. International contended in a sworn denial that Archuleta did not give the required notice. This denial put "notice" in issue. The workers' compensation statute provides in pertinent part:

> Unless the association or subscriber has notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty (30) days after the happening of an injury.

Tex.Rev.Civ.Stat.Ann. art. 8307, section 4a. Notice is made a condition precedent to recovery by this statute.

We may not, however, consider this point because, if sustained, it would require a rendition of judgment for International. When a point of error before the court of appeals would require a different and more favorable judgment than the one rendered, such point must be brought to the Supreme Court by application for writ of error. *Pruitt*, 491 S.W.2d at 112; *Jackson v. Ewton*, 411 S.W.2d 715, 718 (Tex. 1967).

We have examined the remaining points raised by International at the court of appeals. All are overruled. The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.