Eugene PEREZ, Petitioner,

v.

**BRIERCROFT SERVICE
CORPORATION,**
Respondent.

No. D–0220.

Supreme Court of Texas.

May 8, 1991.

Rehearing Overruled June 12, 1991.

O.F. Jones, III, Victoria, for petitioner.

Charles B. Frye, Lubbock, for respondent.

OPINION

GONZALEZ, Justice.

In this action for damages arising from a home improvement project, the principal issue is whether a plaintiff-consumer is entitled to rescission or cancellation of a note when such relief was not specifically pleaded but the defendant asserted a defense or limitation of liability which raised the plaintiff's right to rescission or cancellation. The court of appeals held that rescission must be specifically pleaded. Under the facts of this case, we disagree. Consequently we affirm in part and reverse in part the judgment of the court of appeals and remand the cause to the trial court for rendition of judgment in accordance with this opinion.

Eugene Perez contracted with Perma–Stone to make improvements on his home. Perma–Stone provided financing for the improvements by executing a promissory note and retail improvement contract for $13,-500 which was secured by a mechanics lien on Perez's home. Before the work was completed, Perma–Stone sold the note to Briercroft Service Corporation.[1] Several months later Perez began experiencing many problems with the work performed

---

**1.** At the time of the transaction in question, Briercroft Service Corporation was owned by Briercroft Savings Association. This association was closed by the Federal Home Loan Bank Board and its assets were transferred to Southwest Savings Association. Subsequently, this entity was declared insolvent by the Office of Thrift Supervision and the Resolution Trust Corporation (RTC) was appointed receiver of Southwest Savings Association. The note and lien in question have since been transferred to Southwest Federal Savings Association under the conservatorship of the RTC.

by Perma–Stone: the siding began to fall off the house, the replacement windows fell apart, the screen doors would not shut completely and the sewer vents terminated in the attic instead of extending through the roof, causing foul odors within the house. Perez stopped making payments on the note after Perma–Stone failed in its attempt to repair the home. Perez brought suit against Briercroft for breach of contract and DTPA damages resulting from home improvements that allegedly were not completed in a good and workmanlike manner.[2] Later, Perma–Stone and Glispin filed bankruptcy and were dismissed from the suit. Briercroft answered asserting that the Federal Trade Commission (FTC) rule limited its liability to the amount Perez had paid under the contract. After a trial, the jury found that the improvements had no value and awarded Perez $13,500 as actual damages. The trial court rendered judgment for Perez in conformance with the jury verdict. On appeal, Briercroft asserted that Perez was entitled only to a refund of the money paid and that he was not entitled to cancellation of the note because he had not specifically prayed for rescission. Based on the FTC rule, the court of appeals modified the judgment to reflect the amount of the money Perez had paid on the note prior to his default. Nevertheless, the court of appeals refused to cancel the note because Perez had not specifically pleaded rescission.

The FTC rule provides that when the proceeds of a consumer credit contract are used to purchase goods or services, the contract must contain the following provision:

### NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. *RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.* (emphasis added).

This rule was enacted to protect consumers in situations where they financed the purchase of goods or services but the seller of the service and the holder of the note were separate entities. *Statement of Basis and Purpose*, 40 Fed.Reg. 53,506, 53,522 (1975). Prior to this rule, consumers found themselves liable to pay notes to finance payment of these goods or services, which at times were secured by their homes, even though the sellers failed to live up to their agreements. In these circumstances, the creditor, having purchased the note from the seller, was a *holder in due course* immune to defenses and claims that the consumer could have raised against the seller. *Id.; see also Guidelines on Trade Regulation Rule Concerning Preservation of Consumers' Claims and Defenses*, 41 Fed.Reg. 20,022, 20,023 (1976). The FTC rule remedied this situation by making the creditor subject to all claims and defenses that the debtor could assert against the seller. This rule transferred liability to consumer credit contract assignees, who the commission felt were "in a better position to absorb the loss or recover the loss from the guilty party—the seller," *Home Sav. Ass'n v. Guerra*, 733 S.W.2d 134, 135 (Tex.1987), but limited their liability to the amount paid by the consumer on the note and cancellation of the balance of the note.

Narrowly interpreting the FTC rule by relying on its language that "recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder," the court of appeals modified the trial court's judgment by lowering the award of damages to Perez from $13,500 to $4,144.94, the total amount Perez had paid under the consumer credit contract. However, stating that Perez did not specifically plead for rescission, the court of appeals declined to cancel the note and thereby left him still owing on the note secured by a lien on his home despite a judgment which

---

**2.** Initially, Perez also filed suit against Perma–Stone and its owner, George Glispin, but they subsequently filed bankruptcy and were dismissed from the suit.

effectively established that there was a total failure of consideration.

The court of appeals based its holding on a requirement that rescission must be specifically pleaded citing *Green Tree Acceptance, Inc. v. Pierce*, 768 S.W.2d 416 (Tex. App.—Tyler 1989, no writ) and *Burnett v. James*, 564 S.W.2d 407, 409 (Tex.Civ.App.—Dallas 1978, writ dism'd). These cases are distinguishable on their facts from the instant case. Here, the plaintiff alleged facts in his petition that consideration for the contract had failed and "that he is at least entitled to recover the amount that he had paid to Defendant" in addition to his prayer for general relief. More importantly, the *defendant's answer* raises the FTC rule as a defense. Briercroft's answer states:

> Defendant would show that any liability to Plaintiff, if such there be, is limited by regulations promulgated by the Federal Trade Commission *to cancellation of the outstanding debt* and refund of any money paid to this Defendant to wit: 16 C.F.R. 433.

Ultimately, the purpose of pleadings is to give the adversary parties notice of each parties claims and defenses, as well as notice of the relief sought. This purpose is served, however, when the defendant pleads a defense or limitation of liability which contemplates a particular remedy; then the plaintiff is entitled to that relief despite a failure to plead specifically for such relief. Furthermore, by pleading cancellation as a limitation, Briercroft cannot contend it is not an issue. *See Land Title Co. v. F.M. Stigler, Inc.*, 609 S.W.2d 754, 756 (Tex.1980) (defense of ratification supplied by another party's pleadings); *Whittington v. Glazier*, 81 S.W.2d 543, 545 (Tex.Civ.App.—Texarkana 1935, writ ref'd) (trial court authorized to supply omissions in pleadings of one party by allegations contained in pleadings of other parties in case).

**3.** During oral submission to this court, Briercroft argued that the award of attorney's fees to Perez was improper. We note, however, that Briercroft failed to preserve error as to this issue. Since Briercroft is attempting to obtain a

Additionally, Briercroft alleges that Perez took an inconsistent position in seeking breach of contract damages and rescission, when it was actually Briercroft who took an inconsistent position with regard to its liability in this case. Although it could assert its right under the FTC rule to avoid paying Perez more than he paid on the note, *Green Tree*, 768 S.W.2d at 420 (FTC rule limits consumer's recovery to amounts paid and cancellation of balance due), Briercroft, instead, attempted to take advantage of the rule's protection from unlimited liability while it denied Perez's right to cancellation of the note.

Mindful of the intent of the FTC rule and Briercroft's raising of rescission in its pleadings, we affirm that part of the judgment awarding Perez $4,144.94 in damages, postjudgment interest, and attorney's fees, and reverse and remand the cause to the trial court to render judgment rescinding the promissory note executed by Perez and cancelling the mechanics' lien on Perez's home.[3]

more favorable judgment than that rendered by the court of appeals, it should have filed an independent application of writ of error. *Archuleta v. International Ins. Co.*, 667 S.W.2d 120, 123 (Tex.1984).