D.S.A., INC., Appellant,

v.

**HILLSBORO INDEPENDENT SCHOOL DISTRICT,**
Appellee.

No. 10–99–012–CV.

Court of Appeals of Texas, Waco.

Aug. 31, 1999.

---

Sidney H. Davis, Jr., Gregory R. Ave, Dawn C. Woelfel, Touchstone, Bernays, Johnston, Beall & Smith, L.L.P., Dallas, for appellant.

Patricia Hair, JoAnn Storey, Womble & Cotellesse, Houston, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

This is the second appeal concerning a poorly-constructed elementary school. We must determine whether our holding in the

prior appeal is binding in light of the Supreme Court's opinion reversing our judgment.

### BACKGROUND & PROCEDURAL HISTORY

Hillsboro Independent School District (HISD) contracted with D.S.A., Inc. (DSA), a construction management firm, to oversee the construction of the Jane Lane Elementary School. The completed building had significant structural problems. The roof suffered wind damage and numerous leaks. Poor water drainage beneath and around the school caused the soil in the crawlspace to expand, damaging the plumbing and sewage lines. *See D.S.A. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 662 (Tex.1998).

HISD sued DSA for breach of contract, negligent misrepresentation, and violations of the Deceptive Trade Practices Act (DTPA). The jury found against DSA on each of the three causes of action and awarded identical actual damages on each claim: $170,000 to replace the roof, $13,661 to repair the plumbing under the foundation, and $37,000 to provide drainage of the foundation.[1] The jury found that DSA engaged in the DTPA conduct "knowingly." The jury awarded $170,000 in exemplary damages and attorney's fees.

In the original appeal, DSA brought 21 points of error complaining that the court erred in entering judgment on each of the three causes of action. *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 975 S.W.2d 1 (Tex.App.—Waco 1997). We upheld the negligent representation claim but determined that the DTPA claims were barred by the statute of limitations. *Id.* at 4–7.

Regarding the contract claims, the jury had answered the following questions:

1. As to each cause of action, the jury answered the same damages issue:
   The reasonable and necessary costs to replace the roof of the Jane Lane Elementary School.
   **Answer:** $ 170,000

**Question 9:**

Did D.S.A., Inc. fail to comply with its agreement with the Hillsboro Independent School District dated August 22, 1985?

**Answer:** Yes.

**Question 10:**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Hillsboro Independent School District for its damages, if any, that resulted from such failure to comply?

. . .

The reasonable and necessary costs to replace the roof of the Jane Lane Elementary School.

**Answer:** $ 170,000

The reasonable and necessary costs to repair the *plumbing under the foundation.*

**Answer:** $ 13,661

The reasonable and necessary costs to provide *drainage of the foundation.*

**Answer:** $ 37,000

(Emphasis added.) DSA complained of these jury findings in Point 18: "The trial court erred in entering judgment against DSA on the breach of contract issues (questions nine and 10) because no evidence supports the jury's finding that DSA failed to comply with its contract." We stated: "We agree with DSA on the drainage complaint, but not on either the roofing or plumbing grounds." *Id.* at 7.

We then reviewed the legal sufficiency of the evidence as to each element of dam-

The reasonable and necessary costs to repair the plumbing under the foundation.
**Answer:** $ 13,661
The reasonable and necessary costs to provide drainage of the foundation.
**Answer:** $ 37,000

ages of the breach-of-contract action. *Id.* at 9–16. We found legally-sufficient evidence as to the roof and plumbing damages. As to the "excavation of the parking lots," however, we found "no evidence to support the jury's finding that DSA breached its contractual duties to HISD with respect to the construction of the parking lots." *Id.* at 16. Thus, we sustained point eighteen in part and overruled it in part.

We ordered a remittitur of $416.67 on the roof damages. *Id.* at 17. Having upheld the negligent representation claims, we reformed the judgment to provide that HISD recover $220,244.33, which reflected $169,583.33 for the roof replacement, $13,-661.00 for the plumbing repairs, and $37,-000 for the drainage repairs. *Id.* at 21. Our judgment also provided for $170,000 in exemplary damages; attorney's fees; and prejudgment interest. *Id.*

DSA appealed to the Texas Supreme Court,[2] which held that HISD's negligent-misrepresentation claim failed for lack of any independent injury. The Court struck the exemplary-damages award. *D.S.A.,* 973 S.W.2d at 663. The Court then stated:

> DSA further asserts that there was no evidence that it breached its contract with respect to the roofing or *foundation defects.* We conclude that there was legally sufficient evidence that DSA neglected its contractual obligation to "endeavor to protect [HISD] against defects and deficiencies in the work."

*Id.* at 664 (emphasis added). The Court concluded: "[W]e reverse the judgment of the court of appeals and remand the case to the trial court to recalculate damages on

HISD's contract cause of action." *Id.* at 665.

On remand, HISD filed a Motion for Entry of Judgment with a proposed judgment which awarded HISD "$169,583.33 for roof repairs, $37,000 for the drainage of the foundation, and $13,661 for the plumbing repairs for a total of $220,-244.33." DSA filed a response, asking the court to omit the $37,000 for the drainage of the foundation because of this Court's prior determination that there was "no evidence" of a contractual breach on that issue.

At the hearing, DSA argued that our prior holding on the drainage damages is the "law of the case" because HISD had not appealed that holding to the Supreme Court. HISD responded that, because it had fully recovered its damages in this Court on its alternative theory of negligent representation, it had no reason to have complained of this Court's judgment. Further, HISD argued that the Supreme Court had reversed this Court's judgment, and thus the Supreme Court's opinion is the "law of the case."

The trial court signed a judgment on December 22, 1998, which included an award of $37,000 in damages to repair the foundation drainage.[3] The new judgment also increased the time period used for calculating prejudgment interest.

## THIS APPEAL

DSA appeals on two issues. First, that HISD "is not entitled to recover damages for foundation drainage disposed of by an unchallenged finding of the court of ap-

---

**2.** Our opinion was decided April 23, 1997. *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.,* 975 S.W.2d 1 (Tex.App.—Waco 1997). DSA filed an application for writ of error under former Rules of Appellate Procedure. Former TEX. R.APP. P. 130–136. The Supreme Court granted the application and issued a per curiam opinion on May 8, 1998, which was withdrawn on August 25, 1998, and replaced with

a substituted per curiam opinion. *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.,* 973 S.W.2d 662 (Tex.1998).

**3.** The judgment awarded damages for the roof and the plumbing. DSA does not complain about these awards.

peals." Second, that "the unchallenged time period used to calculate prejudgment interest in the judgment of the trial court must be incorporated into the new final judgment."

RECOVERY FOR FOUNDATION DRAINAGE

*Was HISD required to challenge our holding?*

■ DSA argues that, under the "law of the case," the court erred in awarding $37,000 for foundation drainage damages because HISD failed to challenge our prior finding that there was "no evidence" of those damages under its breach-of-contract theory.

Prior to the adoption of the Appellate Rules,[4] the Supreme Court required any party seeking a "more favorable judgment" than that of the court of appeals' judgment to file an application for writ of error or cross-point. *Archuleta v. Int'l Ins. Co.*, 667 S.W.2d 120, 123 (Tex.1984); *Taggart v. Taggart*, 552 S.W.2d 422, 424 (Tex.1977) (party who received "totally favorable judgment" in the court of civil appeals did not waive complaint in Supreme Court by failing to bring a cross-point). This policy carried over after the Rules were adopted. *See Bradley Motors, Inc. v. Mackey*, 878 S.W.2d 140, 142 n. 2 (Tex.1994); *Perez v. Briercroft Serv. Corp.*, 809 S.W.2d 216, 218 n. 3 (Tex.1991); *Donwerth v. Preston II Chrysler–Dodge*, 775 S.W.2d 634, 639 n. 5 (Tex.1989).[5] Under certain circumstances, a failure to challenge a court of appeals' decision rendered that decision final. *See State Farm Mut. Auto. Ins. Co. v. Traver*, 980 S.W.2d 625, 629 (Tex.1998).[6]

DSA cites several cases for the proposition that HISD waived its complaint because of its failure to challenge our ruling. *Id.; Archuleta*, 667 S.W.2d at 123; *Wich v. Fleming*, 652 S.W.2d 353, 355 (Tex.1983). In *Archuleta*, the plaintiff sought worker's compensation benefits. 667 S.W.2d at 121. Over the defendant's objection, the court submitted a jury instruction on both partial and total incapacity. *Id.* at 122. The defendant appealed on the grounds that the instruction was improper and that the plaintiff had not given proper notice. The court of appeals reversed and remanded on the incorrect jury instruction, but did not address the notice question. *Id.* The plaintiff appealed to the Supreme Court which reversed and affirmed the trial court's judgment. The defendant did not file a separate application for writ of error regarding the notice question which, if sustained, would have entitled it to a rendition of the judgment. *Id.* at 123. In refusing to address the notice question, the Court stated: "When a point of error before the court of appeals would require a different and more favorable judgment than the one rendered, such point must be brought to the Supreme Court by application for writ of error." *Id.*

In *Traver*, the plaintiff sued the defendant on several causes of action. 980 S.W.2d at 626. The trial court granted summary judgment for the defendant on all of the claims. *Id.* at 627. Traver appealed, and the court of appeals reversed and remanded as to three of the claims but affirmed the summary judgment as to the remaining claims. State Farm appealed to the Supreme Court which reversed in part and remanded to

---

**4.** The Rules of Appellate Procedure became effective September 1, 1986.

**5.** "To obtain a different and more favorable judgment in this Court than the one rendered by the court of appeals, a party must file a timely motion for rehearing and his own application for writ of error in the court of appeals." *Donwerth v. Preston II Chrysler–*

*Dodge*, 775 S.W.2d 634, 639 n. 5 (Tex.1989) (citing *Archuleta*, 667 S.W.2d at 123).

**6.** Under the current Rules of Appellate Procedure, "[a] party who seeks to alter the court of appeals' judgment must file a petition for review." TEX.R.APP. P. 53.1. This is a new provision and was not present in the former Rules. Former TEX.R.APP. P. 130.

the trial court. The Court held that, because Traver had not filed a separate application for writ of error, the court of appeals' judgment on the remaining claims was final. *Id.* at 626, 629.

In *Wich,* the trial court granted a summary judgment denying the probate of a will. 652 S.W.2d at 354. The executrix appealed requesting reversal of the judgment and attorney's fees. The court of appeals reversed and remanded, but did not address the attorney's fees question. *Id.* The Supreme Court reversed the court of appeals and affirmed the trial court judgment. *Id.* The executrix asked the Court to remand the case to the trial court for a determination of attorney's fees. *Id.* at 355. In its original opinion, the Court found that the executrix had waived her right to seek attorney's fees because she had not filed a motion for rehearing in the court of appeals regarding that issue.[7] *Id.* at 355–56. In its opinion on rehearing, however, the Court reconsidered and found that the executrix had received a "completely favorable" ruling in the court of appeals and thus had not waived her complaint. *Id.* at 358 (op. on reh'g).[8]

The question before us is whether HISD could have received a "more favorable" judgment in the Supreme Court than it had received in this Court. If so, it should have filed a motion for rehearing and a separate application for writ of error. *Donwerth,* 775 S.W.2d at 639 n. 5.

At trial, HISD recovered identical actual damages and prejudgment interest on each cause of action. However, the DTPA recovery totaled over $615,000 due to the "knowingly" finding and statutory attorney's fees. The negligent representation action totaled approximately $439,000, due to the exemplary damages award. The breach-of-contract action totaled approximately $368,000, due to the award of attorney's fees.

In our original opinion, we struck the DTPA claims but affirmed the negligent representation claims and the exemplary damages. We reformed the judgment to award HISD $220,244.33, plus $170,000 in exemplary damages and attorney's fees.[9] HISD argued below that our prior judgment was completely favorable and thus it had no reason to challenge it.[10] We agree. As reformed, our judgment awarded the largest recovery possible under the theories on which we affirmed the judgment. HISD could only have received a "more favorable" ruling in the Supreme Court if it had pursued the DTPA claims, which would have increased the award by the addition of DTPA attorney's fees.[11] *See Archuleta,* 667 S.W.2d at 123.

*Did the Supreme Court "trump" the decision of this Court?*

■ Even if HISD had been required to complain to the Supreme Court, we believe that the Supreme Court opinion addressed

---

**7.** Under the former appellate rules, a motion for rehearing in the court of appeals was jurisdictional to proceeding to the Supreme Court. Former TEX.R.APP. P. 131(d); *Doctors Hosp. v. Fifth Court of Appeals,* 750 S.W.2d 177, 178 (Tex.1988) (orig. proceeding). A motion for rehearing is no longer a prerequisite for filing a petition for review. TEX.R.APP. P. 49.9.

**8.** DSA apparently cites *Wich* on original opinion. *Wich v. Fleming,* 652 S.W.2d 353 (Tex. 1983).

**9.** Our judgment was inconsistent in giving both exemplary damages under the negligent representation claim and attorney's fees un-

der the contract claim. Attorney's fees were not recoverable under the negligent representation claim.

**10.** On appeal, HISD does not address the "more favorable" judgment question. Rather, it relies on the fact that the Supreme Court reversed our judgment.

**11.** Under its negligent representation claim, HISD was entitled to $170,000 in exemplary damages, but no attorney's fees. Under its DTPA claim, it would have been entitled to $170,000 for engaging in deceptive conduct "knowingly" *and* DTPA attorney's fees.

the drainage issue and is controlling on the "no evidence" question. After rejecting recovery under the negligent misrepresentation theory and striking the exemplary damages award, the Court turned to the breach-of-contract action. The Court stated:

> DSA further asserts that there was no evidence that it breached its contract with respect to the roofing or *foundation defects*. We conclude that there was legally sufficient evidence that DSA neglected its contractual obligation to "endeavor to protect [HISD] against defects and deficiencies in the work."

*Id.* at 664 (emphasis added).

Looking again at the jury questions on the breach-of-contract claim:

**Question 9:**

> Did D.S.A., Inc. *fail to comply with its agreement* with the Hillsboro Independent School District dated August 22, 1985?

**Answer:** Yes.

**Question 10:**

> What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Hillsboro Independent School District for its damages, if any, that resulted from such failure to comply?

> . . .

> The reasonable and necessary costs to replace the roof of the Jane Lane Elementary School.

**Answer:** $ 170,000

> The reasonable and necessary costs to repair the *plumbing under the foundation.*

**Answer:** $ 13,661

> The reasonable and necessary costs to provide *drainage of the foundation.*

**Answer:** $ 37,000

(Emphasis added.) As the Supreme Court stated in its synopsis of the facts, it was the poor drainage of the building that had caused the plumbing problems. *Id.* at 662.

Although we had determined that there was legally-insufficient evidence of a breach, the Supreme Court determined otherwise. *See Responsive Terminal Sys. v. Boy Scouts of America*, 774 S.W.2d 666, 668 (Tex.1989). The Supreme Court is the final word on questions of law. *See* TEX. CONST. art. V, § 3; TEX. GOV'T CODE ANN. § 22.001 (Vernon 1988); *Redman Homes, Inc. v. Ivy*, 920 S.W.2d 664, 669 (Tex.1996) (Supreme Court considers only questions of law).

The Supreme Court directed the trial court to "recalculate damages on HISD's contract cause of action." *D.S.A..* 973 S.W.2d at 665. The trial court did so. We will not disturb that recalculation.

We overrule issue one.

PREJUDGMENT INTEREST

■ The original judgment ordered prejudgment interest to accrue from June 19, 1993, until June 19, 1995. The recalculated judgment ordered prejudgment interest to accrue from December 29, 1992 to July 2, 1995. DSA argues that, because HISD did not complain about the time period used in the first judgment, the court should have used the same dates in the current judgment. HISD responds that the court correctly calculated the interest in accordance with section 304.104 of the Finance Code which states:

> [P]rejudgment interest accrues on the amount of a judgment during the period beginning on the 180th day after the date the defendant receives written notice of a claim or on the date the suit is filed, whichever is earlier, and ending on the day preceding the date judgment is rendered.

TEX. FIN.CODE ANN. § 304.104 (Vernon 1998).

At the hearing on the motion to enter judgment, DSA argued that the court should alter the prejudgment and post-judgment interest awards of the original judgment. First, it argued that the pre-judgment interest should be calculated as simple interest rather than the compound-ed interest that had been calculated in the original judgment, citing the recent Su-preme Court case of *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex.1998). Second, DSA asked that (a) the prejudgment interest be tolled because HISD had been granted a continuance and (b) the post-judgment in-terest be tolled because HISD had re-quested an extension of time to file its appellate brief. HISD responded that the trial delay had been due to lead counsel's conflicting trial schedule and that the ap-pellate delay had been due to the court reporter's inability to complete the lengthy record in time. The court determined that the prejudgment interest should not be tolled, but tolled the post-judgment inter-est for a 30-day period. The court also ordered prejudgment interest "at a rate of 10% per annum" rather than "compounded annually" as it had been in the original judgment.

■ Prejudgment interest is an award of additional damages for the lost use of the money during the time between the accrual of the claim and the date of judg-ment. *Id.* HISD filed suit on December 29, 1992, and the original judgment was signed July 3, 1995. The dates used in the current judgment fall within the statutory time frame. *See* TEX. FIN.CODE ANN. § 304.104.

12. DSA cites *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58–59 (Tex.1970) (orig. pro-ceeding), for the proposition that an award of prejudgment interest is a judicial error which cannot be corrected by a judgment nunc pro tunc. This is not a case in which the trial

The Supreme Court remanded this case to the trial court to recalculate the dam-ages based on the contract cause of ac-tion.[12] *D.S.A.*, 973 S.W.2d at 665. At that hearing, the parties argued the tolling and compounding aspects of the prejudgment interest award. DSA asked the court to calculate the prejudgment interest differ-ently than it had in the original judgment. The court recalculated—using simple in-terest and dates which are proper under the statute. The trial court has a "duty to decide the issue [of prejudgment interest] and to render judgment with respect thereon." *Comet Aluminum Co. v. Dib-rell*, 450 S.W.2d 56, 58–59 (Tex.1970) (orig. proceeding). We believe the court had the authority to recalculate the prejudgment interest on the judgment.

We overrule issue two.

## HISD ATTORNEY'S FEES

■ In its prayer for relief, HISD re-quests appellate attorney's fees in the amount of $11,012. The original judgment awarded appellate attorney's fees. The current judgment does not. Appellate Rule 25.1(c) provides:

A party who seeks to alter the trial court's judgment ... *must* file a notice of appeal.... The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause.

TEX.R.APP. P. 25.1(c) (emphasis added).[13] HISD did not file a notice of appeal and has not given us reason to find "just cause."

We decline to award appellate attorney's fees.

court recalculated prejudgment interest out-side its plenary power.

13. See footnote 2. Although the prior appeal was under the former Rules of Appellate Pro-cedure, this appeal was perfected under the current Rules. TEX.R.APP. P. 21–51.

## CONCLUSION

Having overruled both of DSA's issues and having denied HISD's requested relief, we affirm the judgment.