COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-195-CV

 

IN THE INTEREST OF J.B.,
JR., 

S.C.B., AND S.F.B., MINOR
CHILDREN

 

                                              ------------

 

              FROM THE 271ST
DISTRICT COURT OF WISE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction

In five issues, the Office of the Attorney
General of Texas (Athe OAG@)
appeals the trial court=s order overturning the portion
of the 2004 agreed Child Support Review Order (ACSRO@)
pertaining to S.C.B., and it further appeals the trial court=s order
terminating the parent-child relationship between Appellee J.B. and S.C.B.  We vacate in part and reverse and remand in
part.








                              II.  Factual and Procedural History

In 2004, during the marriage of J.B. and (AMother@), J.B.
signed an admission of paternity acknowledging S.C.B. as his biological
child.  At the same time, he signed an
agreed CSRO and a AWaiver of Service, Hearing, and
Other Rights and Approval of Child Support Review Order.@  The trial court adjudicated J.B. the father
of S.C.B.; neither post-trial motions nor a notice of appeal was filed.

In 2006, J.B. sought a divorce from Mother.  In the petition, J.B. alleged that he was the
father of S.C.B.; however, J.B. learned after filing the divorce petition that
he was not S.C.B.=s biological father.  In 2007, the OAG filed a petition to
intervene in the divorce proceeding and moved to consolidate the divorce
proceeding with the suit affecting the parent-child relationship (ASAPCR@) in which
the CSRO had been signed.[2]








Shortly thereafter, without informing the OAG,
the trial court signed an agreed final decree of divorce.  The decree contained a finding that S.C.B. @is not a
child of this marriage@ and established conservatorship
and child support for J.B., Jr. and S.F.B.[3]  Upon learning of the decree, the OAG timely
filed a motion for new trial.  The trial
court granted the OAG=s motion for new trial but
limited the issues to conservatorship, visitation, child support, and medical
support for S.C.B.

In J.B.=s first
amended original answer and counterclaim, he denied paternity of S.C.B. based
on genetic test results and claimed fraud on the part of Mother.  At the conclusion of the hearing, the trial
court signed an order that overturned the CSRO with respect to S.C.B.,
terminated the parent-child relationship between J.B. and S.C.B., reinstated
the agreed degree of divorce, and granted J.B. visitation rights to S.C.B.  This appeal followed.

                                    III.  Standard of Review

We review the trial court=s grant
or denial of a bill of review for an abuse of discretion, and every presumption
is indulged in favor of the court=s
ruling. Interaction, Inc. v. State, 17 S.W.3d 775, 778 (Tex. App.CAustin
2000, pet. denied).  We review the trial
court=s ruling
on pleadings for an abuse of discretion. 
Hardin v. Hardin, 597 S.W.2d 347, 349B50 (Tex.
1980).  A trial

court abuses its discretion if it misapplies the law to established
facts.  State v. Sw. Bell Tel. Co.,
526 S.W.2d 526, 528 (Tex. 1975); In re Talco-Bogata Consol. Indep. Sch.
Dist. Bond Election, 994 S.W.2d 343, 347 (Tex. App.CTexarkana
1999, no pet.).








                               IV.  Child Support Review Oder

In its first issue, the OAG asserts that the
trial court abused its discretion by overturning the CSRO.  Specifically, the OAG argues that 1) the
trial court lacked plenary jurisdiction to overturn the CSRO and that J.B.=s
petition failed to meet the requirements of a bill of review, 2) the trial
court=s
findings and conclusions as to the bill of review are legally and factually
insufficient, and 3) J.B.=s pleadings do not support the
trial court=s order overturning the CSRO.[4]

Although paternity was not contested in the
original proceeding, the 2004 SAPCR addressed S.C.B.=s
paternity.  The agreed CSRO establishes
that J.B. is the father of S.C.B. and provides for S.C.B.=s
medical care.[5]  Generally, subject to several exceptions, a
party to a court proceeding to determine parentage of a child is bound by the
court=s
findings.  Tex. Fam. Code Ann. ' 160.637(a)(2)
(Vernon 2008).








Although the 2004 order is an agreed order, and
therefore is not based upon a fully contested trial on the merits, agreed
orders are Aaccorded the same degree of
finality and binding force as a final judgment rendered at the conclusion of an
adversary proceeding.@ 
McCray v. McCray, 584 S.W.2d 279, 281 (Tex. 1979).  While J.B. became obligated to support S.C.B.
by virtue of the CSRO adjudicating paternity, Texas law does provide
post-judgment avenues to contest a paternity finding.  Section 160.637(e) of the Texas Family Code
provides that A[a] party to an adjudication of
paternity may challenge the adjudication only under the laws of this state
relating to appeal, the vacating of judgments, or other judicial review.@  Tex. Fam. Code Ann. '
160.637(e).

Pursuant to rule 329b(d) of the Texas Rules of
Civil Procedure, the trial court has plenary power for thirty days after a
judgment is signed to grant a new trial or to vacate, modify, correct, or
reform the judgment.  Tex. R. Civ. P.
329b(d).  Once the trial court=s
plenary power expires, it cannot set aside its judgment except by a bill of
review for sufficient cause.  Tex. R.
Civ. P. 329b(f).








A bill of review is an independent equitable
action brought by a party to a former action seeking to set aside a judgment
that is no longer appealable or subject to a motion for new trial.  Id.; Middleton v. Murff, 689
S.W.2d 212, 213 (Tex. 1985).  To invoke
the equitable power of the trial court, the party seeking a bill of review must
file a petition alleging with particularity sworn facts sufficient to
constitute a meritorious defense, which he was prevented from making by fraud,
accident, or wrongful act of the opposing party or as the result of official
mistake, and unmixed with any fault or negligence of his own.  State v. 1985 Chevrolet Pickup Truck,
778 S.W.2d 463, 464 (Tex. 1989).

In a petition for a bill of review, the
petitioner must allege extrinsic fraud as distinguished from intrinsic
fraud.  Tice v. City of Pasadena,
767 S.W.2d 700, 702 (Tex. 1989); Nelson v. Chaney, 193 S.W.3d 161, 165
(Tex. App.CHouston [1st Dist.] 2006, no
pet.).  Failure to plead extrinsic fraud
will result in denial of the right to a trial by bill of review.  See Tice, 767 S.W.2d at 700; see
also King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 752 (Tex. 2003)
(discussing extrinsic fraud), cert. denied, 541 U.S. 1030 (2004).

Extrinsic fraud is fraud that denies a party the
opportunity to fully litigate at trial all the rights or defenses that he could
have asserted.  Tice, 767 S.W.2d
at 702.  Extrinsic fraud is wrongful
conduct practiced outside of the adversary trialCsuch as
keeping a party away from court, making false promises of compromise, denying a
party knowledge of the suitCthat
affects the manner in which the judgment is procured.  Boaz v. Boaz, 221 S.W.3d 126, 131
(Tex. App.CHouston [1st Dist.] 2006, no
pet.).  AExtrinsic
fraud is >collateral= fraud
in the sense that it must be collateral to the matter actually tried and not
something which was actually or potentially in issue in the trial.@  Montgomery v. Kennedy, 669 S.W.2d 309,
312B13 (Tex.
1984) (citing Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94, 97 (1940)).








In contrast, intrinsic fraud Arelates
to the merits of the issues which were presented and presumably were or should
have been settled in the former action.@  Tice, 767 S.W.2d at 702.  Intrinsic fraud Ais
inherent in the matter considered and determined in the trial >where
the fraudulent acts pertain to an issue involved in the original action, or
where the acts constituting the fraud were, or could have been litigated
therein.=@  Montgomery, 669 S.W.2d at 313 (quoting
Mills v. Baird, 147 S.W.2d 312, 316 (Tex. Civ. App.CAustin
1941, writ ref=d)).

J.B. does not allege extrinsic fraud in his
petition.[6]  J.B. alleges that Mother lied when she told
J.B. that he was S.C.B.=s father, and that he did not
learn until after the trial court had already adjudicated him S.C.B.=s father
that he was not, in fact, S.C.B.=s
biological father.  Thus, the fraudulent
statements that J.B. complains of were made by Mother, who was also a party to
the SAPCR.








Because parentage was an issue subject to being
fully litigated in the SAPCR, and the alleged fraud was that of a party to the
suit, J.B.=s claim about Mother=s
misrepresentations of parentage asserts intrinsic fraud.  See, e.g., In re J.M.C., No. 04‑06‑00431-CV,
2007 WL 460691, *2 (Tex. App.CSan
Antonio Feb. 14, 2007, no pet.) (mem. op.); In re Attorney Gen. of Tex.,
184 S.W.3d 925, 928 (Tex. App.CBeaumont
2006, no pet.); Nelson, 193 S.W.3d at 166.

To prove extrinsic fraud, J.B. had to present a
prima facie case that Mother prevented him from having a fair opportunity to
assert that he was not S.C.B.=s father
when the parent-child relationship was established by the CSRO.  See Nelson, 193 S.W.3d at 166.  Furthermore, J.B. was put on notice by the
very nature of the paternity proceeding that he could avail himself of the
defense of non-paternity and that he could obtain a DNA test to support his
defense.   Id.  Finally, J.B. failed to present sworn facts
showing that Mother prevented him from availing himself of DNA testing at the
time paternity was established.








Therefore, because J.B. did not meet the
preliminary requirements for a bill of review proceedingCthat is,
he did not allege facts to show that: 1) the CSRO was rendered as the result of
extrinsic fraud, and 2) the CSRO was rendered without the contribution of his
own fault or neglectCwe hold that the trial court
abused its discretion in overturning that portion of the CSRO pertaining to
S.C.B. based upon the allegations in J.B.=s
petition for a bill of review. 
Accordingly, we sustain the OAG=s first
issue.[7]

                                 V.  Parent-Child Termination

In the OAG=s fifth
issue and as part of its third issue, the OAG asserts that the trial court
abused its discretion by ordering the termination of the parent-child
relationship between J.B. and S.C.B. 
Specifically, the OAG argues that 1) J.B.=s
pleadings do not support the relief granted, 2) there is no evidence to support
the trial court=s finding that termination of
the parent-child relationship is in the best interest of S.C.B., and 3) there
is insufficient evidence to support the trial court=s
finding that termination of the parent-child relationship is in S.C.B.=s best
interest.

Rule 301 of the Texas Rules of Civil Procedure
provides that the judgment of a court must be supported by the pleadings.  Tex. R. Civ. P. 301.  The purpose of pleadings is to give an
adversary notice of claims and defenses, as well as notice of the relief
sought.  Perez v. Briercroft Serv.
Corp., 809 S.W.2d 216, 218 (Tex. 1991).








The only pleadings filed by J.B. in this matter
were his original petition for divorce and, in response to the OAG=s motion
for new trial, his first amended original answer and counterclaim.  In the divorce petition, J.B. alleged that
S.C.B. is a child of the marriage. 
Therefore, the divorce petition does not support the trial court=s order
to terminate the parent-child relationship between J.B. and S.C.B.  The following are the pertinent sections of
J.B.=s first
amended original answer and counterclaim, paraphrased:

ADenial of Paternity@ (Paragraph 3):  J.B. alleged that he and Mother divorced on
November 5, 2007, and that he and Mother had agreed in the divorce proceedings
that J.B. was not S.C.B.=s biological father.  J.B. admitted that S.C.B. was born during the
marriage.  J.B. also alleged that Mother Aadvised@ him after the divorce
petition had been filed that he was not S.C.B.=s biological father.  Finally, J.B. Adenied that he is the
biological father@ of S.C.B. and Aassert[ed] that genetic
testing was performed on [S.C.B.]@ and excluded him as the biological father of
S.C.B.

 

ACounterclaim Against
[Mother]@ (Paragraph 4):  J.B. alleged that Mother committed fraud in
that she knew J.B. was not S.C.B.=s biological father.  J.B. alleged that Mother made representations
to him during the marriage regarding S.C.B.=s paternity that were false and that Mother knew
they were false at the time they were made. 
Finally, J.B. alleged that Mother made the false representations with
the intent that J.B. rely on them, and that the false representations caused
him injury for which he seeks damages.

 

APrayer@ (Paragraph 6):  J.B. asked that all relief sought by
petitioner as to S.C.B. be denied and that he Abe granted all relief
requested in this answer.@  J.B. requested damages from Mother on his
fraud claim plus attorney=s fees, expenses, and
costs.  Finally, he asked for general
relief.

 








This pleading did not give fair notice to the OAG
that J.B. was seeking to terminate his rights as a parent to S.C.B.  It did not refer to a voluntary termination,
nor did it use words from which a reasonable person could infer that
termination of the parent-child relationship is the basis of the petition.  It alleged only that J.B. is not S.C.B.=s
biological father and then asked that all relief sought by the OAG be
denied.  The OAG sought child support and
medical expenses for S.C.B.  Requesting
relief from having to pay child support and medical expenses for S.C.B. did not
provide fair notice to the OAG that J.B. was seeking to terminate his parental
rights.  See Perez, 809
S.W.2d at 218.  J.B. argues, however,
that even if termination was not pleaded, it was tried by consent.








When an issue not raised by the pleadings is
tried by the express or implied consent of the parties, it is treated in all
respects as if it had been raised in the pleadings.  Tex. R. Civ. P. 67; see Roark v.
Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 495 (Tex. 1991).  Trial by consent is intended to cover the
exceptional case in which it clearly appears from the record as a whole that
the parties tried the unpleaded issue.  RE/MAX
of Tex., Inc. v. Katar Corp., 961 S.W.2d 324, 328 (Tex. App.CHouston
[1st Dist.] 1997), pet. denied, 989 S.W.2d 363 (Tex. 1999); Stephanz
v. Laird, 846 S.W.2d 895, 901 (Tex. App.CHouston
[1st Dist.] 1993, writ denied).  It is
not intended to establish a general rule of practice and should be applied with
care.  RE/ MAX of Tex., 961 S.W.2d
at 328; Stephanz, 846 S.W.2d at 901. 
To determine whether an issue was tried by consent, we must examine the
record, not for evidence of the issue, but rather for evidence of trial of the
issue.  Beck v. Walker, 154 S.W.3d
895, 901 n.3 (Tex. App.CDallas 2005, no pet.); RE/
MAX of Tex., 961 S.W.2d at 328; Stephanz, 846 S.W.2d at 901.  An issue is tried by consent only when a
party introduces evidence relevant to the unpleaded issue without objection. See
Boyles v. Kerr, 855 S.W.2d 593, 601 (Tex. 1993) (op. on reh=g).








Here, the OAG objected on two separate occasions
to the lack of pleadings to support termination.[8]  See id.  J.B. argues however that the OAG did not
request a running objection and, as a result, relevant evidence was admitted
without objection.  However, because a
single objection negates an implication of consent, it is not necessary to
object to every offer of evidence relevant to the unpleaded issue to avoid
trial by consent.  Harkey v. Tex.
Employers= Ins. Ass=n, 146
Tex. 504, 208 S.W.2d 919, 922 (1948). 
Therefore, since termination was not pleaded or tried by consent, it
should not have been considered by the trial court and cannot be the basis for
an order terminating J.B.=s parental rights to S.C.B.  See Perez, 809 S.W.2d at 218; Boyles,
855 S.W.2d at 601.  Accordingly, we
sustain that portion of the OAG=s third
issue pertaining to J.B.=s pleadings and the trial court=s order
terminating the parent-child relationship between J.B. and S.C.B.

Furthermore, even if termination had been pleaded
or tried by consent, J.B. failed to provide evidence that termination was in
S.C.B.=s best
interest.  The Texas Family Code provides
that a parent may file a petition requesting termination of the parent-child
relationship with his child.  Tex. Fam.
Code Ann. ' 161.005(a) (Vernon
2008).  The court may order termination
only if it is in the best interest of the child.  Id.








The termination of parental rights involves
fundamental constitutional rights and, therefore, the evidence supporting the
termination must be clear and convincing. 
Tex. Fam. Code Ann. '
161.206(a); Richardson v. Green, 677 S.W.2d 497, 500 (Tex. 1984).  Clear and convincing evidence is that measure
or degree of proof that will produce in the mind of the trier of fact a firm
belief or conviction as to the truth of the allegations sought to be
established.  Tex. Fam. Code Ann. ' 101.007
(Vernon 2008).  This intermediate
standard falls between the preponderance standard of civil proceedings and the
reasonable doubt standard of criminal proceedings.  In re G.M., 596 S.W.2d 846, 847 (Tex.
1980); State v. Addington, 588 S.W.2d 569, 570 (Tex. 1979).  While the proof must be of a heavier weight
than merely the greater weight of the credible evidence, there is no
requirement that the evidence be unequivocal or undisputed.  Addington, 588 S.W.2d at 570.

In reviewing the evidence for legal sufficiency
in parental termination cases, we must determine whether the evidence is such
that a factfinder could reasonably form a firm belief or conviction that the
grounds for termination were proven.  In
re J.P.B., 180 S.W.3d 570, 573 (Tex. 2005). 
We must review all the evidence in the light most favorable to the
finding and judgment.  Id.  This means that we must assume that the
factfinder resolved any disputed facts in favor of its finding if a reasonable
factfinder could have done so.  Id.  We must also disregard all evidence that a
reasonable factfinder could have disbelieved. 
Id.  We must consider,
however, undisputed evidence even if it is contrary to the finding.  Id. 
That is, we must consider evidence favorable to termination if a
reasonable factfinder could, and disregard contrary evidence unless a reasonable
factfinder could not.  Id.

We must therefore consider all of the evidence,
not just that which favors the verdict.  Id.  But we cannot weigh witness credibility
issues that depend on the appearance and demeanor of the witnesses, for that is
the factfinder=s province.  Id. at 573, 574.  And even when credibility issues appear in
the appellate record, we must defer to the factfinder=s
determinations as long as they are not unreasonable.  Id. at 573.








If we determine that no reasonable factfinder
could form a firm belief or conviction that the grounds for termination were
proven, then the evidence is legally insufficient, and we must generally render
judgment upholding the parent-child relationship.  In re J.F.C., 96 S.W.3d 256, 266 (Tex.
2002); see Tex. R. App. P. 43.3.

During trial, J.B. offered the following evidence
to support his argument that terminating his parental rights to S.C.B. is in
S.C.B.=s best
interest.  First, J.B. testified that he
and Mother had an agreed decree of divorce that did not include S.C.B.  Second, J.B. testified to the following:

Q:  Do you think it=s in the best interest of
[S.C.B.] that you be allowed to terminate as to [S.C.B.]?

 

A:  Yes.

Q:  Why is
that?  Explain that to the Court.

A.  I am
not responsible for him financially.

Q.  What
else?

A.  I mean, he ought to B he ought to know the
truth, you know eventually.

 

Third, J.B. testified that he should not be responsible for S.C.B.
financially, but rather S.C.B.=s
biological father should be the one to financially support S.C.B.








However, the trial court also heard the following
undisputed evidence during trial.  J.B.
is the only father that S.C.B. has ever known. 
S.C.B. calls J.B. ADaddy.@  J.B. has a good relationship with S.C.B.  J.B. and Mother have agreed never to tell
S.C.B. about his biological father.  J.B.
has agreed to raise S.C.B. like his own son. 
J.B. wants to continue his relationship with S.C.B.  Mother is a single mom who makes $6.50 per
hour.  J.B. earned $87,353 in the year
before the hearing.  S.C.B. was on
Medicaid at the time of the hearing, but it was set to expire at the end of the
month.  Mother does not have health
insurance through her employment.  J.B.
has health insurance through his employment that will cover his children.

We are to review the evidence to determine
whether termination is in S.C.B.=s best
interest.  Tex. Fam. Code Ann. ' 161.005(a).  There is a strong presumption that keeping a
child with a parent is in the child=s best
interest.  In re R.R., 209 S.W.3d
112, 116 (Tex. 2006).








Given all the evidence, J.B.=s
testimony that he is not financially responsible for S.C.B. and that S.C.B.
should eventually know the truth about his biological father is insufficient to
support a finding that termination is in S.C.B.=s best
interest.  See Dockery v. State,
No. 03-05-00713-CV, 2006 WL 3329794, at *1 (Tex. App.CAustin
Nov. 14, 2006, pet. denied) (mem. op.); see also In re T.S.S., 61 S.W.3d
481, 488 (Tex. App.CSan Antonio 2001, pet. denied); Nichols
v. Nichols, 803 S.W.2d 484, 485 (Tex. App.CEl Paso
1991, no writ); Linan v. Linan, 632 S.W.2d 155, 156 (Tex. App.CCorpus
Christi 1982, no writ).  Therefore, we
hold that the evidence is legally insufficient to support the trial court=s order
to terminate the parent-child relationship between J.B. and S.C.B.  Accordingly, we sustain the OAG=s fifth
issue.[9]

                                          VI.  Conclusion

Having sustained or otherwise disposed of all
five of the OAG=s issues, we vacate the trial
court=s order
overturning the CSRO and terminating the parent-child relationship between J.B.
and S.C.B., we reverse the trial court=s order
reinstating the provisions of the agreed final decree of divorce that pertain
to S.C.B., and we remand this case to the trial court solely for the
determination of all medical support, child support, conservatorship,
possession, and access issues regarding S.C.B.

 

BOB
MCCOY

JUSTICE

 

 

PANEL: LIVINGSTON and
MCCOY, JJ.; and WILLIAM BRIGHAM, J. (Senior Justice, Retired, Sitting by
Assignment).

 

DELIVERED: February 26, 2009











[1]See Tex. R. App. P. 47.4.





[2]Through the intervention,
the OAG sought to establish child support for S.C.B.





[3]J.B.=s biological children
were provided for; however, S.C.B. was not.





[4]The OAG also claims that
J.B.=s pleadings do not
support the trial court=s order terminating the
parent-child relationship between J.B. and S.C.B.; however, we do not address
that portion of the argument at this time.





[5]Because J.B. and Mother
resided together at the time the CSRO was agreed to, it did not establish
conservatorship, visitation, or child support.





[6]Although there is a
question as to whether J.B.=s petition was even filed as a bill of review, we
assume for the sake of this argument that it was.





[7]Because we determine that
the trial court abused its discretion in overturning the CSRO, we need not
address the OAG=s second issue pertaining
to the trial court=s findings and
conclusions as to the bill of review, or that portion of the OAG=s third issue that
pertains to J.B.=s pleadings regarding the
CSRO.  See Tex. R. App. P. 47.1.





[8]At no time did J.B.
request leave of the court to file a trial amendment, nor was a trial amendment
filed in this cause.





[9]Because we determine that
the evidence is legally insufficient to support the trial court=s order to terminate the
parent-child relationship between J.B. and S.C.B., we need not address the OAG=s fourth issue pertaining
to factual sufficiency.  See Tex.
R. App. P. 47.1.