**Modified, affirmed as modified, and Opinion Filed this 10th day of June, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00682-CV

### PORTFOLIO RECOVERY ASSOCIATES, LLC, Appellant
### V.
### BEN TALPLACIDO, Appellee

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-421-2010**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

This is the second appeal in a bill of review case in which Ben Talplacido sued to vacate a default judgment taken by Portfolio Recovery Associates, LLC, and recover property sold at foreclosure in execution of the judgment. In this appeal, Portfolio brings three issues in which it challenges the trial court's award of monetary damages. Talplacido has not filed a responsive brief. Because we agree there are no pleadings to support the monetary damages, we modify the trial court's judgment to delete the awards of $10,000 for loss of fair value of property sold and $13,200 for lost rent. We affirm the judgment as modified.

The facts underlying this suit are fully set out in the first appeal. *See Portfolio Recovery Assocs., LLC v. Talplacido*, No. 05-10-01244-CV, 2012 WL 204541 (Tex. App.—Dallas Jan. 18, 2012, no pet.) (mem. op.). Briefly, in 2008, Portfolio obtained a default judgment for $25,283.86

plus $6,320.97 in attorney's fees for breach of contract on a debt. Portfolio executed on the judgment against real property owned by Talplacido, the property was sold to the highest bidder for $4000, and a constable's deed was filed in the county records.

Talplacido filed a petition for bill of review to set aside the default judgment, alleging he was not properly served. In his petition, Talplacido asked that the constable's deed be set aside, Portfolio take nothing, and he recover the costs expended in filing the petition and "other and further relief at law and equity to which Plaintiff may be justly entitled." When Portfolio failed to answer, Talplacido obtained a default judgment that set aside the constable's deed and awarded monetary damages in the amount of the damages ($25,283.86) and attorney's fees ($6,320.97) awarded to Portfolio in the default judgment, $7,000 as attorney's fees for the bill of review proceeding, $311 for costs of court, and interest.

This judgment led to the first appeal. Portfolio brought two issues, arguing the trial court abused its discretion by failing to grant its motion for new trial and the evidence was legally insufficient to support damages and attorney's fees. *See Portfolio Recovery Assocs., LLC*, No. 05-10-01244-CV, 2012 WL 204541, at *1. We sustained Portfolio's damages issue, explaining that Talplacido's damages were unliquidated because his petition "did not allege any damages, and no written instrument showed the monetary damages awarded by the trial court." Further, we explained that Talplacido presented no evidence "that he paid any part of the judgment aside from the sale of the real estate for $4000,"[1] or "any other economic or noneconomic damages that would support the damages awarded by the court." We therefore reversed the portion of the judgment awarding Talplacido "$25,283.86 as the principal amount" and $6,320.97 as attorney's fees awarded on the "improperly taken default judgment," affirmed the judgment in all other respects, and remanded for further proceedings consistent with the opinion.

---

[1] We noted the trial court's judgment set aside the constable's deed.

On remand, Portfolio filed a written objection to the trial court hearing evidence of monetary damages because Talplacido did not plead for damages in his petition. Talplacido filed a combined written response and an "Original Motion for Unliquidated Damages." In his motion, Talplacido asserted the property sold as the result of an "unlawful judicial lien and subsequent sheriff's sale" was rental property and he suffered damages in the amount of $34,100 in lost rents and an unstated amount in lost value of the property. Talplacido did not amend his petition.

At trial, Portfolio again objected to evidence of monetary damages as outside the pleadings. The trial court overruled his written and oral objections. After hearing the evidence, the trial court ordered Talplacido recover from Portfolio $10,000 in "loss of fair value of property sold," $13,200 in lost rent, $7,000 in attorney's fees, and post-judgment interest.

In this appeal, Portfolio brings three issues all related to the monetary damages awarded in the judgment. Its second issue argues the judgment was improper because it granted damages that were not pleaded for in Talplacido's petition.

The trial court's judgment shall conform to the pleadings of the parties. TEX. R. CIV. P. 301; *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983). The purpose of pleadings is to give the parties notice of claims, defenses, and relief sought. *Perez v. Briercroft Serv. Corp.*, 809 S.W.2d 216, 218 (Tex. 1991). Absent trial by consent, a party may not be granted relief in the absence of pleadings to support that relief. *Cunningham*, 660 S.W.2d at 813 (citing *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). An award of judgment not pleaded is erroneous. *Id*.

In *Stoner*, the dispute arose out of a contract to buy and sell stock in a corporation that owned a radio station. Stoner was the original plaintiff. Texas Media intervened and sought a declaratory judgment as to its rights and liabilities and injunctive relief against Stoner. 578

S.W.2d at 681. Stoner filed an answer. On the morning of trial, Stoner's attorney appeared and urged a "special appearance." *Id.* When the trial court denied the special appearance, Stoner's attorney declined to proceed further and left. *Id.* After hearing the evidence, the trial court granted all the relief requested in the pleadings. In addition, the trial court ordered that Texas Media recover from Stoner $50,000 in relief not requested in pleadings. *Id.* at 682. Stoner appealed.

The supreme court reformed the judgment to eliminate the $50,000 damage award, noting there was "no mention" in Texas Media's pleadings that it sustained money damages nor was there any prayer for such damages. *Id.* at 683. The court reasoned that, under such circumstances, Stoner did not have "fair notice" that the trial court might award money damages against him at trial. *Id.* 684–85. Further, the court stated that a prayer for "such other and further relief to which plaintiff . . . may show himself entitled" did not "enlarge a pleading to the extent that it embraces an entirely different cause of action for which fair notice does not exist." *Id.*

Here, Talplacido's petition for bill of review alleged that Portfolio wrongfully obtained a default judgment. He asked to set aside the default judgment and the constable's deed and requested costs expended in filing the petition. Talplacido did not seek any relief in the form of monetary damages, and his prayer for "such other relief at law or equity" to which he was entitled did not enlarge his allegations to include a request for such damages. Although he filed a motion for unliquidated damages on remand, a motion is not a pleading. *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *1 n.2 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.); *see* TEX. R. CIV. P. 45 ("Pleadings in the district and county courts shall (a) be by petition and answer. . . ."); TEX. R. CIV. P. 78 ("The pleading of plaintiff shall consist of an original petition, and such supplemental petitions as may be necessary in the

course of pleading by the parties to the suit."). Finally, Portfolio filed a written objection to evidence of monetary damages and also objected at trial; thus, this is not a case where the issue was tried by consent.[2] Because there are no pleadings to support monetary damages, the judgment is erroneous. We sustain the second issue. Our disposition of this issue makes it unnecessary to address the remaining issues.

We modify the trial court's judgment to delete the awards of $10,000 for loss of fair value of property sold and $13,200 for lost rent. We affirm the judgment as modified.

130682F.P05

/Molly Francis
MOLLY FRANCIS
JUSTICE

---

[2] To the extent Portfolio's issue seeks to reverse the $7000 awarded as attorney's fees, that amount was affirmed in the previous appeal and is not subject to review in this appeal.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PORTFOLIO RECOVERY ASSOCIATES, LLC, Appellant

No. 05-13-00682-CV     V.

BEN TALPLACIDO, Appellee

On Appeal from the County Court at Law No. 4, Collin County, Texas
Trial Court Cause No. 004-421-2010.
Opinion delivered by Justice Francis; Justices Bridges and Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> To delete the awards of $10,000 for loss of fair value of property sold and $13,200 for lost rent.

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellant Portfolio Recovery Associates, LLC recover its costs of this appeal from appellee Ben Talplacido.

Judgment entered this 10th day of June, 2014.

/Molly Francis/
MOLLY FRANCIS
JUSTICE