ACCEPTED
15-25-00117-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/30/2025 5:35 PM
CHRISTOPHER A. PRINE
CLERK

Case No. 15-25-00117-CV

_____

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/30/2025 5:35:37 PM
CHRISTOPHER A. PRINE
Clerk

In the Court of Appeals
for the Fifteenth District of Texas

_____

Patrick Cox, for himself and as an agent for AOC Ranches, LLC,
Team Advertising Services, Inc., CCLHR Enterprises, LLC and
VPizza Restaurant, 001, LLC,

Appellant,

vs.

The State of Texas, Office of the Attorney General,

Appellee.

_____

On Appeal from the 419th Judicial District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-19-000436

_____

# CROSS-APPELLANT'S RESPONSE BRIEF

_____

Reese W. Baker
State Bar No. 01587700
Baker & Associates
950 Echo Lane, Suite 300
Houston, Texas  77024
Telephone: (713) 869-9200
reese.baker@sbcglobal.net

Attorney for Appellant

## **Preamble**

Comes now Patrick Cox, Cross-Appellant herein, who respectfully makes and files this, his Response Brief.

In this Brief Patrick Cox will be referred to as "Cox." The State of Texas, by and through the Office of the Attorney General, will be referred to as "the State."

The Clerk's Record will be cited as "CR [page]." Although divided into volumes, the Clerk's Record is consecutively numbered, so the volume number will not be noted.

The State's Appellate Brief will be cited as "State's Br. [page]."

## Table of Contents

Cover Page . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Preamble . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Issue Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Arguments and Authorities

First Issue Presented

      Whether the State waived its limitations defense by failing to secure a
      ruling in the trial court, and whether the defense fails on the merits in
      any event.

      A.    Limitations was not Preserved. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      B.    Even if Preserved, Limitations Does Not Apply . . . . . . . . . . . . . . . 14

Second Issue Presented

      Whether the trial court correctly denied in part the State's Plea to the
      Jurisdiction because Cox's pleadings allege a viable takings claim
      under the Texas Constitution.

      A.    Cox's Pleadings Adequately Alleged a Takings Claims. . . . . . . . . . 17

B.      Notice Pleading in Texas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

C.      Cox Clearly Plead a Takings Claim. . . . . . . . . . . . . . . . . . . . . . . . 19

Third Issue Presented

Whether Cox has standing to pursue his takings claim notwithstanding the State's contention that he was "made whole" through receivership and bankruptcy proceedings.

A.      Cox has Standing, Despite the State's Arguments of Restitution and "Self-Inflicted" Injury. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

B.      Cox has not Been Fully Compensated for his Losses . . . . . . . . . . . . 22

Fourth Issue Presented

Whether the State's additional appellate arguments alter the outcome, given that takings claims are self-executing and not barred by sovereign immunity.

A.      State's Jurisdictional Challenge Misconstrued the Nature of Cox's Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

B.      State's Remaining Arguments do not Defeat Jurisdiction . . . . . . . . 25

Conclusion and Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

## Index of Authorities

Cases

Texas Supreme Court

*Barker v. Eckman*, 213 S.W.3d 306 (Tex. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Bay Area Healthcare Gp., Ltd. v. McShane*,
    239 S.W.3d 231 (Tex. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Boyles v. Kerr*, 855 S.W.2d 593 (Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Bushell v. Dean,* 803 S.W.2d 711 (Tex.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Chappell Hill Bank v. Lane Bank Equip. Co.*,
    38 S.W.3d 237 (Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*City of Dallas v. Stewart*, 361 S.W.3d 562 (Tex. 2012) . . . . . . . . . . . . . . . . . . . 21

*City of Harlingen v. Estate of Sharboneau*,
    48 S.W.3d 177 (Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*City of Houston v. Carlson*, 451 S.W.3d 828 (Tex. 2014). . . . . . . . . . . . . . . . . . . 25

*Collin Creek Assisted Living Ctr., Inc. v. Faber*,
    671 S.W.3d 879 (Tex. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299 (Tex. 2008). . . . . . . . . . . . . . 23

*Dow Chemical Co. v. Francis*, 46 S.W.3d 237 (Tex. 2001) . . . . . . . . . . . . . . . . 14

*Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699 (Tex. 2021) . . . . . . . . . . . 15

*Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, LLC*,
    386 S.W.3d 256 (Tex. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*ExxonMobil Corp. v. Lazy R. Ranch, LP*,
    511 S.W.3d 538 (Tex. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*First United Pentecostal Church of Beaumont v. Parker*,
    514 S.W.3d 214 (Tex. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Garvey v. Vawter*, 795 S.W.2d 741 (Tex. 1990) . . . . . . . . . . . . . . . . . . . . . . . 18

*Hallco Tex., Inc. v. McMullen County*, 221 S.W.3d 50 (Tex. 2007). . . . . . . . . . 16

*Hearts Bluff Game Ranch, Inc. v. State*,
    381 S.W.3d 468 (Tex. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Heckman v. Williamson Cnty.*, 369 S.W.3d 137 (Tex. 2012) . . . . . . . . . . . . . . . 24

*Hlavinka v. HSC Pipeline P'ship, LLC*, 650 S.W.3d 483 (Tex. 2022) . . . . . . . . . 21

*Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.2d 887 (Tex. 2000) . . . . . . 17-18

*Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*,
    962 S.W.2d 507 (Tex.1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830 (Tex. 2021). . . . . . . . . 25

*Low v. Henry*, 221 S.W.3d 609 (Tex. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Miga v. Jensen*, 299 S.W.3d 98 (Tex. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491 (Tex. 1988). . . . . . . . . 18

*Perez v. Briercroft Svc. Corp.*, 809 S.W.2d 216 (Tex. 1991) . . . . . . . . . . . . . . . . 18

*Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211 (Tex. 2003) . . . . . . . . . 15

*Regency Field Svcs., LLC v. Swift Energy Operating, LLC*,
    622 S.W.3d 807 (Tex. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Roark v. Allen*, 633 S.W.2d 804 (Tex. 1982). . . . . . . . . . . . . . . . . . . . . . . . 18, 19

*Texas Dep't of Parks & Wildlife v. Miranda*,
   133 S.W.3d 217 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 24

*Texas Dep't of Transp. v. A.P.I. Pipe Supply, LLC*,
   397 S.W.3d 162 (Tex. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Texas Land & Irr. Co. v. Sanders*, 111 S.W. 648 (Tex. 1908) . . . . . . . . . . . . . . 23

*Westgate, Ltd. v. State*, 843 S.W.2d 448 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . 16

Texas Court of Appeals

*Capps v. City of Bryan*,
   685 S.W.3d 165 (Tex. App.—Waco 2024, no pet.) . . . . . . . . . . . . . . . . . 23

*Schrock v. City of Baytown*,
   01-13-00618-CV, 2015 Tex. App. LEXIS 12569 (Tex. App.
   — Houston [1st Dist.] Dec. 10, 2015, no pet.) (mem. op.) . . . . . . . . . . . . 16

United States Supreme Court

*DeVillier v. Texas*, 601 U.S. 285, 114 S.Ct. 938 (2024) . . . . . . . . . . . . . . . . . . . 21

*First English Evangelical Lutheran Church v. County of
   Los Angeles*,
   482 U.S. 304, 107 S.Ct. 2378 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. 50 Acres of Land*, 469 U.S. 24, 105 S.Ct. 451 (1984) . . . . . . . . . 21

*United States ex rel. Tenn. Valley Auth. v. Powelson*,
   319 U.S. 266, 63 S.Ct. 1047 (1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Federal Constitution

U.S. Const. amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Texas Constitution

Tex. Const. art. I, § 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

Rules

Appellate Procedure

Tex. R. App. P. 9.4(i)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Tex. R. App. P. 9.5(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Tex. R. App. P 33.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex R. App. P. 33.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Civil Procedure

Tex. R. Civ. P. 45(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Tex. R. Civ. P 47(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Tex. R. Civ. P. 71 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Tex. R. Civ. P. 94 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## Issues Presented

### First Issue Presented

The State waived its limitations defense by failing to secure a ruling in the trial court, and limitations fails on the merits in any event.

### Second Issue Presented

The trial court correctly denied the State's Plea to the Jurisdiction in part because Cox's pleadings allege a viable takings claim under the Texas Constitution.

### Third Issue Presented

Cox has standing to pursue his takings claim, notwithstanding the State's contention he was "made w7hole" through receivership and bankruptcy proceedings.

### Fourth Issue Presented

None of the State's additional appellate arguments alter the result, given that takings claims are self-executing and not barred by sovereign immunity.

## Statement of Facts

The facts are set out in detail in Cox's prior brief and are incorporated here by reference. Briefly, Cox's property was seized and liquidated under a judgment later reversed, and the State has refused to return or compensate him for what was taken. CR 3-9, 525-31. The trial court denied in part the State's Plea to the Jurisdiction, leaving Cox's Texas law takings claim pending. CR 822-23. Both Cox and the State have filed cross-appeal briefs, and Cox now responds to the State's arguments on appeal.

## Summary of the Argument

None of the State's appellate arguments prove the trial court erred in denying its Plea with respect to Cox's takings claims under Texas law.

*Limitations* (State's Br. 15-17). Limitations is not properly before the Court. The State did not obtain a ruling on limitations, and failed to conclusively prove the date Cox's claims accrued. Even if considered, limitations does not bar Cox's claim because his takings claim accrued only when the judgment against him was reversed and the State refused to return or compensate him for property it seized.

*Adequacy of Pleadings* (State's Br. 17-26, 36-38). Cox adequately alleged a taking: the State, acting through its receiver, permanently deprived him of property without compensation. The Takings Clause of the Texas Constitution is self-executing, and immunity does not shield the State from the claim.

*Standing* (State's Br. 17–25). The State's argument that Cox lacks standing because he allegedly recovered his assets is unfounded. Restitution of proceeds is not equivalent to restoration of property, especially given that Cox continues to suffer unreimbursed losses caused by the State. His losses are neither speculative nor self-inflicted, and they are sufficient to establish standing.

*Jurisdictional Nature of the Claim* (State's Br. 26-35). The State's contention that Cox has no viable cause of action goes to the merits, not the court's

power to hear the case. At the jurisdictional stage, Cox is entitled to have his pleadings liberally construed in his favor.

*Other Arguments* (State's Br. 18-25, 26-40). The State's remaining points — which amount to nothing more than an attempt to recast Cox's claim as restitution or conversion — do not defeat jurisdiction. They amount to alternative characterizations of the same conduct: the State took property without compensation. The trial court correctly allowed Cox's takings claim to proceed.

Because none of the State's appellate points undermine the trial court's ruling, the portion of the order denying the State's Plea to the Jurisdiction should be affirmed.

## Arguments and Authorities

### First Issue Presented
(Restated)

Whether the State waived its limitations defense by failing to secure a ruling in the trial court, and whether the defense fails on the merits in any event.

A. Limitations Was Not Preserved

The State argues that Cox's claim is barred by limitations. State's Br. 15–17. But limitations is an affirmative defense that must both be raised and ruled on in the trial court. Tex. R. Civ. P. 94; Tex. R. App. P. 33.1 (providing that in order to preserve an issue for appellate review, a party must raise a timely and specific objection to the trial court). This was not done here.

To preserve an issue for appellate review, a party must present to the trial court a timely request, objection or motion, state the specific grounds therefor and obtain a ruling or object to a refusal to rule. Tex R. App. Pro. 33.1(a); *Bay Area Healthcare Gp., Ltd. v. McShane*, 239 S.W.3d 231, 235-36 (Tex. 2007); *Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex.1991). This requirement is imposed to avoid wasting scarce judicial resources reversing a decision on the basis of an argument not made in the trial court, and to ensure basic fairness by requiring litigants to make arguments in time for the trial court to address them. *Chappell Hill Bank v. Lane Bank Equip. Co.*, 38 S.W.3d 237, 246-47 (Tex. 2001). Failing to make the

13

trial court aware of an argument means the party waives the right to complain about the matter on appeal, *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

Here, while the State addressed limitations in its Plea, it did not argue or obtain a ruling on limitations; the trial court's order denying the Plea in part did not rest on that ground. CR 822-23. Allowing the State to raise limitations now is not only contrary to the rules, but prejudicial to Cox. Because the trial court never ruled on limitations, the issue was waived and should be denied. *See id*; Tex. R. App. P. 33.1 (a).

## B. Even If Preserved, Limitations Does Not Apply

Even if limitations were preserved, it does not bar Cox's claims. The State suggests that Cox's claim accrued when his property was first seized and sold. State's Br. 37. This is untrue — a takings claim accrues only when the government both takes property and refuses to compensate. *First English Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304, 314-16, 107 S.Ct. 2378 (1987).

Limitations generally begins to run when the cause of action accrues, which we have determined means when facts have come into existence that authorize a claimant to seek a judicial remedy. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex.1998). Accordingly, to prove some claim

is barred by limitations as a matter of law, a litigant must "conclusively establish when the claimant's cause of action accrued." *Regency Field Svcs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 818 (Tex. 2021); *accord, ExxonMobil Corp. v. Lazy R. Ranch, LP*, 511 S.W.3d 538, 542 (Tex. 2017).

A claim "accrues" when the events giving rise to the right to seek a judicial remedy have occurred. *Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). This "right to seek judicial remedy" requirement is known as the legal injury rule, which generally provides a cause of action accrues when the plaintiff has suffered some legal injury. *Regency Field Svcs.,* 622 S.W.3d at 816; *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 707-08 (Tex. 2021) (both holding the legal injury rule provides a cause of action accrues on the date a defendant's wrongful act caused some legal injury). Put another way, a "legal injury" has occurred when "all facts required for a cause of action exist[ ]." *Johnson & Higgins of Tex.,* 962 S.W.2d at 514.

Here, the constitutional injury did not accrue until both the judgment against Cox was reversed and the State refused to return or compensate him for the property it had seized. CR 3-5, 525-27. Unlike many takings claims, this one does not arise from a case where the State's taking of the property without

compensation was wrongful in the first instance; rather, it only became wrongful after: (1) the judgment against Cox was reversed; and (2) the State refused to either return Cox's property, or to fully compensate him for its loss. At that point, and not before, Cox had a ripe claim for compensation, and therefore a taking claim. *Westgate, Ltd. v. State*, 843 S.W.2d 448, 452 (Tex. 1992) (recognizing an inverse condemnation claim exists when property is taken without compensation and without a condemnation proceeding). Proof of the accrual date is especially important in cases like this one, because of the different limitations periods governing under different facts, *see, e.g., Schrock v. City of Baytown*, 01-13-00618-CV, 2015 Tex. App. LEXIS 12569 * 19-21 (Tex. App. — Houston [1st Dist.] Dec. 10, 2015, no pet.) (mem. op.) (reversing summary judgment granted in limitations grounds due to lack of proof of accrual date), and the attendant uncertainty regarding issues of accrual. *Hallco Tex., Inc. v. McMullen County*, 221 S.W.3d 50, 74 (Tex. 2007) (Hecht, J., dissenting) ("it is not entirely clear what statute of limitations applies to such claims …").

Had the State done the right thing, and fully compensated Cox for his loss after the appellate reversal of its judgment, Cox would have had no takings claim. Because it has failed to prove the accrual date of limitations, the State would not

have been entitled to have the claims against it dismissed on limitations grounds, and so its limitations defense fails on the merits.

Second Issue Presented<br>(Restated)

Whether the trial court correctly denied in part the State's Plea to the Jurisdiction because Cox's pleadings allege a viable takings claim under the Texas Constitution.

## A. Cox's Pleadings Adequately Alleged a Takings Claim

The State also challenges the sufficiency of Cox's pleadings. State's Br. 17–25. At the plea-to-jurisdiction stage, the test is not whether Cox will win, but whether his allegations, taken as true, state a constitutional claim. That's enough to survive. And at this jurisdictional stage, pleadings are construed liberally in the plaintiff's favor, and factual allegations are accepted as true. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). Thus, at this stage, Cox need not prove every element of his claim; rather, it is enough that he alleged facts which, if true, state a compensable taking. *See Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012).

## B. Notice Pleading in Texas

Texas has embraced a notice pleading regime, and a pleading filed in a Texas court is sufficient if it provides one's opponent with "fair notice" of the claim being asserted. Tex. R. Civ. Pro. 45(b), 47(a); *see also Horizon/CMS*

17

*Healthcare Corp. v. Auld*, 34 S.W.2d 887, 897 (Tex. 2000). Fair notice has been given when the pleading is sufficient to allow an attorney of reasonable competence to understand the claim being asserted and relief being sought, *Perez v. Briercroft Svc. Corp.*, 809 S.W.2d 216, 218 (Tex. 1991); *see also Garvey v. Vawter*, 795 S.W.2d 741, 742 (Tex. 1990) (pleading is sufficient if it allows attorney to prepare to defend against claim raised), or where the claim may be reasonably inferred from what is stated. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993). If a defendant can read the pleading and figure out the basic issues in the case, the pleading is sufficient. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224-25 (Tex. 2017); *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007).

Notice pleading does *not* entitle a litigant to force his opponent to plead all of the facts or law on which he relies to support her claims. *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494-95 (Tex. 1988) ("Rule 45 does not require the plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of action"). The leading case on this point is still *Roark v. Allen*, which involved a suit against a doctor, alleging his improper use of forceps during the delivery, injuring a child. *Roark v. Allen*, 633 S.W.2d 804, 810 n.3 (Tex. 1982). On appeal, the defendant doctor claimed the petition was

insufficient because he could not determine what specifically the plaintiffs were claiming he had done wrong in using the forceps. *Roark*, 633 S.W.2d at 810. The Supreme Court found the plaintiffs' allegations were sufficient because the doctor could read the petition and determine he was being sued for negligence, even though the plaintiffs had not actually used the word "negligence" in their petition. *Id.*

C. Cox Clearly Plead a Takings Claim

Under these standards, Cox's pleadings in this case are more than adequate. In them, he alleged the State, acting through its receiver, permanently deprived him of property without compensation. CR 6-9, 525-31. Throughout his petition, he described the claim being one based on his property having been "wrongfully taken," CR 6, and for recovery of or damages determined with reference to the value of property "taken" from him. CR 7. He specifically characterized the State's actions as constituting an "unconstitutional taking of Cox's property," one actionable both "[u]nder Article I, Section 17 of the Texas Constitution" and "[t]he Fifth Amendment of the federal constitution …" CR 9. It is hard to imagine how a takings claims, under Texas and federal law, could be alleged more clearly, or that any marginally competent attorney representing the State could not read Cox's pleadings and know exactly what he was complaining about, and why. Those

19

allegations state a viable takings claim under Article I, Section 17 of the Texas Constitution.

Third Issue Presented
(Restated)

Whether Cox has standing to pursue his takings claim notwithstanding the State's contention that he was "made whole" through receivership and bankruptcy proceedings.

A. Cox has Standing, Despite the State's Arguments of Restitution and "Self-Inflicted" Injury

The State next contends Cox lacks standing because the receiver and bankruptcy proceedings allegedly "made him whole," returning more than his declared net worth. State's Br. 17–21. This argument fails, legally, factually and logically.

First, restitution of proceeds is not equivalent to restoration of property. The forced liquidation of Cox's assets — including business investments and opportunities — inflicted permanent losses that the return of diminished proceeds received as part of that liquidation could not remedy. CR 5–9, *see also* CR 525–28 (documenting forced sales at below-market value and lost business opportunities). The Takings Clause protects property rights themselves, not merely residual cash values realized by the State's receiver at the fire sale of those assets he conducted.

Nor was Cox "made whole" by the receipt of the diminished proceeds returned to him. In making this argument, the State conflates partial restitution of

proceeds with restoration of the property itself. Texas takings law measures compensation by the fair market value of the property interest at the time of the taking, not by what a forced liquidation happened to yield or later return. *Hlavinka v. HSC Pipeline P'ship, LLC*, 650 S.W.3d 483, 499 (Tex. 2022); *Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, LLC*, 386 S.W.3d 256, 262–64 (Tex. 2012); *City of Harlingen v. Estate of Sharboneau*, 48 S.W.3d 177, 182–84 (Tex. 2001); *see also United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 281, 63 S.Ct. 1047 (1943) ("[I]t is the owner's loss, not the taker's gain, which is the measure of compensation for the property taken."). Even where money changes hands, the constitutional injury persists until the owner receives the full equivalent of what was taken. *See City of Dallas v. Stewart*, 361 S.W.3d 562, 566–67 (Tex. 2012); *United States v. 50 Acres of Land*, 469 U.S. 24, 29, 105 S.Ct. 451 (1984). Thus, the later return of partial or diminished proceeds does not defeat standing. *See DeVillier v. Texas*, 601 U.S. 285, 291, 114 S.Ct. 938 (2024) (recognizing a property owner's right to just compensation under the Takings Clause is "irrevocable" once the taking occurs—the injury accrues when compensation is withheld, not when some proceeds are returned).

The State further errs in its attempts to characterize Cox's injuries as "self-inflicted." How this can be so is not clear. Cox contested the State's claims at trial,

21

but lost. As the results of the appeal show, this was error — he should have won, a result that would have prevented the State's taking of his property. However, until the judgment was reversed the State could attempt to enforce the judgment against him, albeit at its own peril. *Miga v. Jensen*, 299 S.W.3d 98, 102 (Tex. 2009). Cox attempted to post a bond, but state-court procedures prevented him from doing so. CR 525–28. The subsequent bankruptcy "compromise" was compelled by the State's earlier enforcement actions, not anything that could be characterized as a "voluntary litigation choice" — Cox did not voluntarily enter bankruptcy to address the State's enforcement efforts. Cox also did not choose to allow the State to seize his property and sell it for a song; Cox did not "chose" his own injury, and should not be faulted to the degree his efforts to avoid injury were unsuccessful, at least in the short term.

B.       Cox has not Been Fully Compensated for his Losses

Contrary to the State's suggestion, standing to pursue a takings claims does not vanish merely because a plaintiff recovers partial compensation from another source. Even the State concedes Cox has lost at least $219,238 in fees and expenses that were never returned. State's Br. 19–20. More importantly, partial takings or permanent diminution of property rights are sufficient injuries to establish standing, which is based on some ownership interest in the property

taken. *Texas Dep't of Transp. v. A.P.I. Pipe Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2013); *Capps v. City of Bryan*, 685 S.W.3d 165, 169 (Tex. App.—Waco 2024, no pet.). This has been true in Texas for almost 120 years. *Texas Land & Irr. Co. v. Sanders*, 111 S.W. 648, 649 (Tex. 1908) ("It can make no difference that the property itself cannot be restored, but the court will do that which is equivalent by giving a judgment against the party at whose instance the wrong was done for the value of the property so unlawfully taken."). Accepting the State's argument would allow the State to seize an owner's home, hand the owner $1.00, and claim the owner therefore lacks standing to sue the State for taking his house. This is simply not the law. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 & n. 20 (Tex. 2008) (a litigant has standing when he is personally aggrieved by something at issue in the lawsuit, and so has a "personal stake" in its outcome).

Finally, while standing can be raised at any time — even on appeal, as it implicates subject-matter jurisdiction — that principle does nothing to help the State here. The record establishes Cox suffered concrete, particularized injuries traceable to the State's enforcement of an erroneous judgment. His claims present an actual controversy redressable by this Court.

The State's reliance on federal "self-inflicted injury" cases, is misplaced. Those decisions stand for the proposition that a plaintiff cannot manufacture

23

standing by voluntarily incurring an injury to challenge a law. Cox did not "manufacture" his injury. His losses flowed directly from the State's enforcement of an erroneous judgment through a receivership sale and its subsequent refusal to restore or compensate him for the property taken. That chain of causation is not self-inflicted—it is traceable to the State's conduct, which is sufficient to establish standing.

Fourth Issue Presented
(Restated)

Whether the State's additional appellate arguments alter the outcome, given that takings claims are self-executing and not barred by sovereign immunity.

A. State's Jurisdictional Challenge Misconstrues the Nature of Cox's Claim

The State contends Cox has no viable cause of action, and therefore the trial court lacked jurisdiction. State's Br. 17-25, 36-40. This mischaracterizes the issue, representing an attempt to defend on the merits rather than to on the issue presented, jurisdiction.

Whether Cox can ultimately prevail goes to the merits, not the court's jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). The State seeks to use a plea to the jurisdiction as a sword to dismiss Cox's claim on the merits, but this is not the function of a jurisdictional plea. *See Miranda*, 133 S.W.3d at 227 (allowing if pleadings allege facts which affirmatively demonstrate

24

jurisdiction, the case should proceed). Because Cox's pleadings allege a facially valid constitutional claim, the trial court properly exercised jurisdiction over that claim.

### B. State's Remaining Arguments do not Defeat Jurisdiction

The State's remaining arguments attempt to recast Cox's claim as restitution or conversion. State's Br. 26-35. These characterizations do not defeat jurisdiction; the State is not allowed to "jawbone" a claim a litigant specifically asserts into some other kind of claim the litigant did not assert. In deciding the nature of a claim, courts look to the substance of the claim, not to the label attached, *Collin Creek Assisted Living Ctr., Inc. v. Faber*, 671 S.W.3d 879, 885 (Tex. 2023); *Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 836 (Tex. 2021); *see also* Tex. R. Civ. Pro. 71 (same rule applies to pleadings), although Cox again notes his clear pleading of the specific claims being asserted. CR 6-10.

By any name, Cox alleges that the State permanently deprived him of property without compensation; the gravamen of this suit is that the State took Cox's property without compensation. That is as straightforward a takings claim as can be imagined. *City of Houston v. Carlson*, 451 S.W.3d 828, 831–32 (Tex. 2014). Even if the Court assumes claims like those Cox makes might constitute a claim for "restitution" or for "conversion," if they were asserted against a private

party legally incapable of a constitutional taking, a claim under these facts asserted against the State is a takings claim, a self-executing claim for which the State may be liable to Cox. If Cox is prohibited from recharacterizing claims in an attempt to make an invalid claim look valid, the State is likewise prohibited from mischaracterizing Cox's takings claim as something else, in an effort to see it dismissed. The trial court correctly denied the plea to the jurisdiction as to Cox's state law takings claim.

## Conclusion and Prayer

None of the State's arguments show the trial court erred in allowing Cox's state law takings claim against the State to proceed. Accordingly, the portion of the trial court's order denying the State's Plea to the Jurisdiction should be affirmed.

Cox respectfully prays the Court affirm the trial court's order insofar as it denied the State's plea to the jurisdiction, and separately grant relief on Cox's cross-appeal as set out in his opening brief.

Cox prays for such other and further relief, general or special, in law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

*/s/ Reese W. Baker*
Reese W. Baker
State Bar No. 01587700
Baker & Associates
950 Echo Lane, Suite 300
Houston, Texas 77024
Telephone: (713) 869-9200
reese.baker@sbcglobal.net

Attorney for Appellant

## **Certificate of Compliance**

Pursuant to Tex. R. App. Pro. 9.4(i)(3), the undersigned hereby certifies that according to the word count function of the computer program used to generate the document, the portions of the Appellant's Brief subject to the rule contain 3,698 words total, and that the text thereof is in 14 point Times New Roman font, with footnotes in 13 point Times New Roman font.

*/s/ Reese W. Baker*
Reese W. Baker

## Certificate of Service

Pursuant to Tex. R. App. Pro. 9.5(d), the undersigned hereby certifies that a true and correct copy of the foregoing Cross-Appellant's Brief has been served on Jacob B. Beach, counsel of record for the State, c/o Office of the Attorney General, General Litigation Division, P.O. Box 12548 Austin, Texas 78711-2548, through the Court's e-filing system, on this, the 30th day of September, 2025.


*/s/ Reese W. Baker*
Reese W. Baker

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Reese Baker on behalf of Reese Baker
Bar No. 1587700
courtdocs@bakerassociates.net
Envelope ID: 106285136
Filing Code Description: Other Brief
Filing Description: Cross-Appellant's Response Brief
Status as of 10/1/2025 7:07 AM CST

Associated Case Party: Patrick Cox

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Reese Baker | 1587700 | courtdocs@bakerassociates.net | 9/30/2025 5:35:37 PM | SENT |

Associated Case Party: The State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ali Thorburn | | ali.thorburn@oag.texas.gov | 9/30/2025 5:35:37 PM | SENT |
| Jacob Beach | | jacob.beach@oag.texas.gov | 9/30/2025 5:35:37 PM | SENT |
| Amanda Ruch | | amanda.ruch@oag.texas.gov | 9/30/2025 5:35:37 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ariana Ines | | ariana.ines@oag.texas.gov | 9/30/2025 5:35:37 PM | SENT |